

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
~~XXXXXXXXX~~ON
ATTORNEY GENERAL

April 18, 1939

Hon. Tom F. Coleman, Jr.
County Attorney
Angelina County
Lufkin, Texas

Dear Sir:

Opinion No. O-610
Re: May the Commissioners Court of
Angelina County legally pay for all
the proper expenses incurred in
the special election held under
the authority of Articles 1133 and
1134, Revised Civil Statutes, 1925,
for the incorporation of the city
of Huntington?

Your request dated April 5, 1939 for an opinion from
the Attorney General on the following question, has been received:

"* * * As to whether or not the Commis-
sioners Court of Angelina County can legally
pay all proper expenses incurred in the special
election held under the authority of Articles
1133 and 1134, Vernon's Revised Civil Statutes,
for the incorporation of the city of Huntington."

Articles 1133 and 1134, R.C.S., 1925
referred to in your request, are set out in full:

"Article 1133.  May be incorporated.
When a town or village may contain
more than four hundred and less than ten thou-
sand inhabitants, it may be incorporated as a
town or village in the manner prescribed in this
chapter."

"Article 1134.  Mode of incorporation.
If the inhabitants of such town or village
desire to be so incorporated, at least twenty
residents thereof, who would be qualified voters
under the provisions of this chapter, shall file
an application for that purpose in the office of
the county judge of the county in which the town
or village is situated, stating the boundaries of
the proposed town or village, the name by which

it is to be known when incorporated, and accom-
pany the same with a plat of the proposed town
or village including therein no territory except
that which is intended to be used for strictly
town purposes. If any town or village be situ-
ated on both sides of a line dividing two counties,
application may be made to the county judge or
either county in which a portion of said town
or village is located, in manner and form as here-
in provided. A new election shall not be ordered
in less than one year."

The election provided for in the two articles above
quoted is undoubtedly a special election.

### 9 RULING CASE LAW, p. 978

"Any election which is not regularly
held for the election of officers or for some
other purpose which shall come before the elec-
tors at regular fixed intervals is a special elec-
tion. It is opposed in meaning more particularly
to regular than to general elections, and so
where elections are classified as general and
special, a regular annual municipal election can-
not be included in the latter class, but must
be treated as a general election. * * * Where
the constitution provides for the organization of
a city under general laws 'whenever a majority
of the electors voting at a general election shall
so determine' the election to decide the ques-
tion is still a special election although decided
at a general election, and a statute providing for
the calling of a special election to determine
the question is not inconsistent with the con-
stitutional requirement, and this is true notwith-
standing the fact that the special election is to
be held on the same day as the general election.
The use of the word 'special' in such a case is
surplusage, as the election not being a regular
recurring one could not be other than special.
* * * * *"

### 20 CORPUS JURIS, p. 56

"A special election is one provided for
by law under special circumstances. It is an
election held to supply a vacancy in office be-
fore the expiration of the full term for which
the incumbent was elected, or an election at

which some question or proposition is submitted
to the vote of the qualified electors, or an elec-
tion for someparticular emergency. * * * *"

The county judge has charge of the details of the
election for the purpose of determining whether or not a town
or village containing more than four hundred and less than ten
thousand inhabitants is to be incorporated and is empowered to
appoint the necessary election officers by Article 1136, which
reads as follows:

"Article 1136.  Election order
If satisfactory proof is made that the
town or village contains the requisite number of
inhabitants, the county judge shall make an order
for holding an election on a day therein stated
and at a place designated with in the town or
village for the purpose of submitting the question
to a vote of the people. He shall appoint an offi-
cer to preside at the election, who shall select
two judges and two clerks to assist in holding it.
After a previous notice of ten days, by posting
advertisement thereof at three public places in
the town or village, the election shall be held
in the manner prescribed for holding elections
in other cases."

In view of the fact that the election for the incorpor-
ation of the city of Huntington was a special election, Article
2996 is applicable.  It provides for expenses for election sup-
plies and reads as follows:

"Article 2996.  Expenses for election
supplies.  All expenses incurred in providing
voting booths, stationery, official ballots,
wooden or rubber stamps, tally sheets, polling
lists, instruction cards, ballot boxes, envel-
opes, sealing wax and all other supplies re-
quired for conducting a general or special elec-
tion shall be paid for by the county, except the
cost of supplying booths for cities.  All accounts
for supplies furnished or services rendered
shall first be approved by the Commissioners court,
except the accounts for voting booths for cities."

According to the provisions of said article, all ex-
penses connected with the mechanism of a special election for
the purpose of incorporating a city within the population range
of four hundred to ten thousand inhabitants shall be paid for
by the county within which it is situated.

Article 2943, R.C.S. of 1925, as amended by Acts of the 45th Legislature, p. 591, chapter 295, par. 1, 1937, sets forth the scale of compensation for judges and clerks of both general and special elections. It stipulates that payment shall be made by the county treasurer of the county where the election is held upon order of the Commissioners Court. We quote the statute as amended:

"Article 2943. Pay of judges and clerks. Judges and Clerks of general and special elections shall be paid Three Dollars ($3) a day each, and Thirty (30) Cents per hour each for any time in excess of a day's work as herein defined; provided that in all counties having a population in excess of three hundred and fifty-five thousand (355,000) inhabitants, according to the last preceding or any future Federal Census, such Judges and Clerks shall be paid Five Dollars ($5) a day each, and Fifty (50) Cents per hour each for any time in excess of a day's work as herein defined. The Judge who delivers the returns of election immediately after the votes have been counted shall be paid Two Dollars ($2) for that service, provided the polling place of his precinct is at least two (2) miles from the courthouse, and provided also he shall make returns of all election supplies not used when he makes return of the election. Ten (10) working hours shall be considered a day within the meaning of this Article. The compensation of Judges and Clerks of general and special elections shall be paid by the County Treasurer of the county where such services are rendered upon order of the Commissioners Court of such county."

Since an election for the incorporation of a city within the four hundred to ten thousand population range is a special election, and since articles 2996 and 2943 provide for payment of expenses of materials and services used in such special election by the county, it is our opinion that there is statutory authorization for the payment of the expenses of the election for the incorporation of the city of Huntington by the county of Angelina.

We have noted Article 2997, R.C.S. which says that "The expense of all city elections shall be paid by the city in which same are held." It is our opinion that this article does not govern the situation of a special election under the supervision of county authorities where the question of incorporation itself is being voted upon by the citizens of a given area within the county. In this case the area to be incorporated, subsequently the city of Huntington, was not a city within the purview of

Article 2997 prior to the time of the election.  Article 2997 is applicable to municipal elections only, and the city of Huntington was not subject to the provisions of said article until after the incorporation election.

The expenses incurred in the election held for the purpose of incorporating the city of Huntington were incurred by the county under articles 1133, 1134 and 1136, R.C.S., 1925.

We hold, therefore, that Articles 2943 and 2996 are controlling and that the county of Angelina may legally pay all proper expenses incurred in the special election held under the authority of Articles 1133 and 1134, R.C.S., 1925, for the incorporation of the city of Huntington.

Trusting that the above fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/ Dick Stout
Dick Stout
Assistant

DS:omb:wc

APPROVED:
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS